**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID SKOWRONSKI, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT WINES, M&M AMERICAN, INC., | : | NO.  11-7771 |
| and M&M AMERICAN LOGISTICS, | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM</u>**

BUCKWALTER, S.J.                                                    March 5, 2012

      Defendants Robert Wines, M&M American, Inc., and M&M American Logistics have filed the present Motion to Dismiss Count II of Plaintiff David Skowronski's Complaint.  For the following reasons, the Motion is denied.

## I.      FACTUAL AND PROCEDURAL HISTORY

      On October 28, 2010, Plaintiff alleges that he was driving northbound on Roosevelt Boulevard in Philadelphia when Defendant Wines, who was driving a tractor-trailer, struck his vehicle, forced him on to the edge of a high bridge, and then left the scene of the accident. (Compl. ¶¶ 5, 10.)  The actions of Defendant Wines resulted in damage to Plaintiff's vehicle and caused a variety of injuries to Plaintiff himself.  (<u>Id.</u> ¶¶ 7-8.)

      On November 23, 2011, Plaintiff filed his Complaint in the Court of Common Pleas of Philadelphia County, which alleges the following: (I) Defendants committed various acts of

negligence in connection with the operation of the tractor-trailer,[1] and (II) Defendant Wines acted recklessly and outrageously when he left the scene of the accident, warranting punitive damages. (Id. ¶¶ 6-10.)[2]  Thereafter, on December 21, 2011, Defendants successfully removed the case to this Court, and filed the present Motion to Dismiss on December 22, 2011.  Plaintiff filed a Response in Opposition on January 4, 2012, and Defendants filed a Reply Brief on January 10, 2012.

## II.   DISCUSSION

In Pennsylvania, "[a] request for punitive damages does not constitute a cause of action but is merely incidental to a cause of action."  MacLeod v. Russo, 13 Pa. D. & C.5th 110, 116 (2010) (citing Nix v. Temple Univ. of Commonwealth Sys. of Higher Educ., 596 A.2d 1132, 1138 (Pa. Super. Ct. 1991).  "[P]unitive damages are appropriately awarded when a defendant's conduct is outrageous due to evil motive or reckless indifference to the rights of others."  Pugh v. Downs, No. Civ.A.09-1572, 2010 WL 2331430, at *5 (E.D. Pa. June 4, 2010) (citing Phillips v. Cricket Lighters, 883 A.2d 439, 445 (Pa. 2005)).  A claim for punitive damages "must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk."  Hutchison ex rel. Hutchison v. Luddy, 870

---

[1]  The relationship among the three Defendants is not entirely clear from the Complaint, but it appears that, at the time of the incident, Defendant Wines was acting as an agent of Defendants M&M American, Inc. and M&M American Logistics.  (Compl. ¶¶ 4-5.)

[2]  In setting forth the legal basis for the relief requested, the Complaint includes a "Count II" without a preceding "Count I."  In viewing the Complaint in the light most favorable to Plaintiff, the Court assumes that the paragraphs preceding Count II—which discuss Defendants' negligence—constitute Count I.

A.2d 766, 772 (Pa. 2005) (citation omitted).  Finally, in determining whether to impose punitive damages, "'[t]he state of mind of the actor is vital.  The act, or the failure to act, must be intentional, reckless or malicious.'"  Id. at 770 (quoting Feld v. Merriam, 485 A.2d 742, 748 (Pa. 1984)).

Here, Count II of Plaintiff's Complaint alleges that "Defendant's conduct was not only negligent[,] it was reckless and outrageous in that defendant left the scene of the accident in violation of law."  (Compl. ¶ 10.)  Defendants contend that Plaintiff does not claim any actual damages in connection with Defendant Wines's decision to flee the scene of the accident. (Defs.' Mem. Supp. Mot. Dismiss 3.)  According to Defendants, because a request for punitive damages is only incidental to a claim that involves actual damages, rather than an independent cause of action in and of itself, Count II of the Complaint must be dismissed.  (Id.)

While the Complaint could have been more specific in its description of the events that occurred and the resultant harm suffered by Plaintiff, the Court finds that it alleges sufficient facts to allow Plaintiff to seek punitive damages.  Count II incorporates by reference all of the Complaint's preceding paragraphs, including those that request actual or compensatory damages for physical injuries and damages to Plaintiff's automobile.  (Compl. ¶ 9.)  In addition, Plaintiff makes clear in his Response in Opposition that he is in fact alleging that he suffered both personal injury and property damage as a result of Defendant Wines leaving the scene.  (Pl.'s Resp. Opp'n 6.)  Therefore, as a matter of pleading, the Court concludes that Plaintiff's request for punitive damages is not an independent cause of action, but an element of damages

sufficiently related to the events giving rise to his claim for actual damages.[3]

As for the substantive merit of the punitive damages claim, there is no information at this stage of the litigation pertaining to Defendant Wines's state of mind at the time the accident occurred.  Accordingly, the Court cannot determine whether he acted in reckless disregard for Plaintiff's rights.  If he was aware that his tractor-trailer struck Plaintiff's car, potentially causing damage and injury, and deliberately drove away, it is certainly possible for a jury to conclude his actions were malicious and that punitive damages are justified.  Indeed, at least one other court within the Third Circuit has allowed a comparable claim to proceed.  See Randazzo v. Grandy, No. Civ.A.10-0154, 2011 WL 1811221, *3-9 (M.D. Pa. May 12, 2011) (denying summary judgment on punitive damages claim to defendant who allegedly backed his tractor trailer into plaintiff's vehicle and fled the scene).

The Court therefore denies Defendants' Motion to Dismiss Count II of Plaintiff's Complaint.  In making this decision, however, the Court emphasizes that Plaintiff still bears the burden of establishing that his injuries are in some way related to the fact that Defendant Wines allegedly fled the scene of the accident.  Defendants are not precluded from challenging the request for punitive damages in a motion for summary judgment or at some other point later in this litigation.

---

[3]  On this point, the Court is persuaded by the logic of the Pennsylvania Court of Common Pleas' decision in Brueckner v. Stewart, 82 Pa. D. & C.4th 454 (2006).  There, the court "agree[d] with defendant that a claim for punitive damages is not an independent cause of action, but rather an element of damages on the underlying cause of action for negligence in Counts One and Three."  Id. at 460.  Nevertheless, the court found "that no useful purpose would be served by requiring plaintiffs to file an amended complaint, and plaintiff[']s claim for punitive damages shall be addressed at trial as an element of damages relevant to Counts One and Three of the complaint."  Id.

**III.    CONCLUSION**

For all of the reasons discussed above, the Court finds that Plaintiff has alleged sufficient facts to sustain a claim for punitive damages.  Accordingly, Defendants' Motion to Dismiss Count II of the Complaint is denied.